SEAMAN V. GLEGNER.

*Costs — action triable in justice's court — when defendant entitled to.*

In an action in the Supreme Court for the conversion of personal property, the
plaintiff recovered $1 damages. *Held*, that the action was triable in a
justice's court and defendant was entitled to costs, notwithstanding the com-
plaint alleged the value of the property converted to be $7,300, and demanded
$10,000 damages.

APPEAL by plaintiff from an order at the special term denying
motion to set aside adjustment of costs in favor of defendant.

The action was brought by Robert Seaman and others against
Jacob Glegner, to recover for the conversion of personal property.
The facts fully appear in the opinion.

*S. F. Cowdrey*, for appellant, cited *Tuttle* v. *Smith*, 14 How. 398;
*Coster* v. *Drew*, 6 Duer, 43; *Webb* v. *Crosby*, 11 Paige, 193;
*People* v. *Lewis*, 28 How. 159; *Whipple* v. *Williams*, 4 id. 28;
*Dresser* v. *Wickes*, 2 Abb. 460; *Libby* v. *Rosekrans*, 55 Barb. 202;
*Bellinger* v. *Ford*, 14 id. 250; *Rockwell* v. *Perine*, 5 id. 573;
*Yager* v. *Hannah*, 6 Hill, 631.

*David Levy*, for respondent.

DAVIS, P. J. This action was brought for the recovery of dam-
ages for the conversion of personal property of the alleged value of
$7,300, for which conversion damages were demanded in the sum
of $10,000. On the trial the plaintiff recovered a verdict for $1.
On this recovery the defendant procured the adjustment of the
costs in question. The point is whether the case is embraced in
subdivision 3 of section 304 of the Code, by which costs are given to
the plaintiff irrespective of the amount of recovery, "in the actions
of which a court of justice of the peace has no jurisdiction."

It is clear that a justice of the peace, upon proper pleadings,
would have had jurisdiction to have tried the action. It was for
the recovery of damages for the conversion of personal property,
and the verdict establishes (for all the purposes of this question),
that such damages were in fact only $1. To have recovered that
sum the plaintiff might have pleaded in justice's court, precisely

as he has in this court, except that he should have conformed the amount of damages demanded to the requirement of the statute regulating those courts. Because he has, in an action the subject matter of which was within the jurisdiction of the court of a justice of the peace, demanded $10,000 damages, when his real claim was for but $1, does not entitle him to costs of this court on recovery of the dollar here.

To give the provision of the Code that construction, is to nullify and to bring into this court every cause of action now triable in justices' courts, by a demand of damages exceeding $200, and to entitle plaintiff to costs in such actions, if he recover six cents.

We think the court below was correct in its decision, for the reasons expressed in the opinion of WESTBROOK, J.,* and upon the authority cited by him. *Alexander* v. *Hard*, 42 How. 131.

The order should be affirmed, with $10 costs of this appeal and disbursements.

*Order affirmed.*

---

* The following is the opinion referred to:

WESTBROOK, J. I think subdivision 3 of section 304 of the Code, was intended to cover the class of cases of the *subject matter* of which a justice of the peace has no jurisdiction. It cannot be that a party who claims, in an action of which a justice of the peace has jurisdiction, more than $200, and then brings an action here, and recovers less than $50, is entitled to costs. The *recovery* in the cause established that a justice of the peace would have had jurisdiction to try it. Subdivision 4 of section 4 controls the costs. If the recovery at circuit was wrong, the remedy is by appeal. The motion to re-adjust costs is denied. See *Alexander* v .*Hard*, 42 How. 131; *Runnell* v. *Griffin*, 8 Abb. 39.